IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 2:20CR20015-001 |
| v. | ) | 18 U.S.C. § 922(g)(8) |
| | ) | 18 U.S.C. § 922(o) |
| | ) | 18 U.S.C. § 924(a)(2) |
| | ) | 26 U.S.C. § 5845(a)(7) |
| JASON D'JUAN GARFIELD | ) | 26 U.S.C. § 5861(d) |
| | ) | 26 U.S.C. § 5871 |

## **INDICTMENT**

The Grand Jury charges:

### COUNT ONE

On or about the 12th day of March, 2020, in the Western District of Arkansas, Fort Smith Division, the Defendant, JASON D'JUAN GARFIELD, did knowingly possess any one of the following machineguns: a Brownell Inc., model BRN-4, 5.56 caliber, M-16-type firearm, serial number 4-2057; an Anderson Manufacturing, model AM-15, M-16-type receiver, serial number 18140943; and a Flat Rock Arms, model FRA-15, 5.56 caliber, M-16-type receiver, serial number FRA-00053.

All in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

### COUNT TWO

On or about the 12th day of March, 2020, in the Western District of Arkansas, Fort Smith Division, the Defendant, JASON D'JUAN GARFIELD, did knowingly possess a device for silencing, muffling, or diminishing the report of a portable firearm, that is a metal cylindrical device, black in color with no markings, that was not registered to JASON D'JUAN GARFIELD

in the National Firearms Registration and Transfer Record.

All in violation of Title 26, United States Code, Sections 5845(a)(7), 5861(d) and 5871.

## COUNT THREE

On or about the 12th day of March, 2020, in the Western District of Arkansas, Fort Smith Division, the Defendant, JASON D'JUAN GARFIELD, knowing that he was subject to a court order issued by the Johnson County, Arkansas Circuit Court on December 16, 2015, in case number 36 DR-15-279, and issued after a hearing of which he received actual notice, and at which he had an opportunity to participate, restraining him from harassing, stalking, or threatening an intimate partner and restraining him from engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner, did knowingly possess any one of the following firearms: a Glock, model 17, 9mm caliber pistol, serial number BLUZ319; an Oviedo, model 1976, 7mm caliber rifle, serial number 1775; a FNH, model FNX-45, serial number FX3U026558; a Savage, model MS-AR 15, .223 caliber rifle, serial number 03-003438; a Mauser, model Argentino 1891, 7.65 caliber rifle, serial number S9247; and a Colt, model Delta Elite, .45 caliber pistol, serial number DE01003E, said firearms having been shipped and transported in interstate commerce.

All in violation of Title 18, United States Code, Sections 922(g)(8) and 924(a)(2).

## FORFEITURE ALLEGATION

*Possession of Machineguns and Possession of by a Prohibited Person*

1.      The allegations contained in Counts One and Three of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the offenses in violation of Title 18, United States Code,

Sections 922(g)(8) and 922(o) set forth in Counts One and Three of this Indictment, the Defendant, JASON D'JUAN GARFIELD, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offenses, including, but not limited to:

    a.    a Brownell Inc., model BRN-4, 5.56 caliber, M-16-type firearm, serial number 4-2057;

    b.    an Anderson Manufacturing, model AM-15, M-16-type receiver, serial number 18140943;

    c.    a Flat Rock Arms, model FRA-15, 5.56 caliber, M-16-type receiver, serial number FRA-00053;

    d.    a Glock, model 17, 9mm caliber pistol, serial number BLUZ319;

    e.    an Oviedo, model 1976, 7mm caliber rifle, serial number 1775;

    f.    a FNH, model FNX-45, serial number FX3U026558;

    g.    a Savage, model MS-AR 15, .223 caliber rifle, serial number 03-003438;

    h.    a Mauser, model Argentino 1891, 7.65 caliber rifle, serial number S9247;

    i.    a Colt, model Delta Elite, .45 caliber pistol, serial number DE01003E; and

    j.    ammunition seized from JASON D'JUAN GARFIELD's residence on or about March 12, 2020.

3.    If any of the property described above, as a result of any act or omission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

*Possession of an Unregistered Silencer*

1.    The allegations contained in Count Two of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 26, United States Code, Section 5872(a) and Title 28, United States Code, Section 2461(c).

2.    Upon conviction of the offense in violation of Title 26, United States Code, Sections 5861(d) set forth in Count Two of this Indictment, the Defendant, JASON D'JUAN GARFIELD, shall forfeit to the United States pursuant to Title 26, United States Code, Section 5872(a) and Title 28, United States Code, Section 2461(c), any firearms involved in the commission of the offenses, including, but not limited to a metal cylindrical device, black in color with no markings seized from JASON D'JUAN GARFIELD's residence on or about March 12, 2020.

3.    If any of the property described above, as a result of any act or omission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 26 U.S.C. § 5872(a) and 28 U.S.C. § 2461(c).

A True Bill.

/s/ Grand Jury Foreperson
Grand Jury Foreperson

DAVID CLAY FOWLKES
ACTING UNITED STATES ATTORNEY

By: _/s/ Kimberly J. Harris, AUSA_
Aaron Jennen
Assistant U. S. Attorney
Arkansas Bar Number 2004156
414 Parker Avenue
Fort Smith, AR 72901
Phone: (479) 783-5125
Email: Aaron.Jennen@usdoj.gov