FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Aug 5, 2020
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:20-CR-20015-001 |
| v. | ) | |
| | ) | |
| JASON D'JUAN GARFIELD | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this Agreement. The agreement of the parties is as follows:

### WAIVER OF INDICTMENT AND
### PLEA OF GUILTY TO INFORMATION

1. The Defendant, JASON D'JUAN GARFIELD, agrees to waive Indictment by a grand jury, and consents to the filing of an Information charging the Defendant with Possession of a Machinegun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2); Possession of an Unregistered Silencer, in violation of 26 U.S.C. § § 5845(a)(7), 5861(d) 5871; and Possession by a Prohibited Person, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2). The Defendant further agrees to plead guilty to the Information.

### AGREEMENT REGARDING FORFEITURE

2. The Defendant, JASON D'JUAN GARFIELD, hereby agrees to forfeit all rights, title and interest to the assets which are listed in the Forfeiture Allegation of the Information. The Defendant acknowledges that all property covered by this Agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture

a. The Defendant consents to the immediate entry of a Preliminary Order of Forfeiture upon entry of the guilty plea. The Defendant further agrees that upon entry of the Preliminary Order of Forfeiture, such order will be considered final as to Defendant's interests in the property(ies). The Defendant agrees to immediately withdraw any claims to property(ies) seized in connection with this case in any pending administrative and civil forfeiture proceeding, and consents to the forfeiture of all properties seized in connection with this case to the United States. The Defendant agrees to execute any and all documents requested by the United States to facilitate or complete the forfeiture process(es.) The Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case.

b. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

c. The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant also agrees that the forfeiture

provisions of this Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

## ADMISSION OF FACTUAL BASIS IN SUPPORT OF GUILTY PLEA(S)

3. The Defendant has fully discussed with defense counsel the facts of this case and the elements of the crime(s) to which the Defendant is pleading guilty. The Defendant has committed each of the elements of the crime(s) to which the Defendant is pleading guilty, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

   a. On November 17, 2015, Melissa Garfield filed a Petition for Order of Protection in the Johnson County, Arkansas Circuit Court against her son, JASON D'JUAN GARFIELD, a person with whom she had cohabited.[1]

   b. On November 20, 2015, a Johnson County, Arkansas deputy sheriff personally served JASON D'JUAN GARFIELD with summons, the Petition, an Ex Parte Order of Protection, and Warnings, which advised JASON D'JUAN GARFIELD "[i]t is a federal offense for an individual who is subject to a Final Order of Protection or convicted of a misdemeanor of domestic violence to ship, transport, or possess a firearm or ammunition pursuant to 18 U.S.C. § 922(g)(8) and (9)."

   c. On December 16, 2015, after a hearing of which JASON D'JUAN GARFIELD received actual notice and had an opportunity to participate, the Johnson County, Arkansas Circuit Court entered a Final Order of Protection, ordering that JASON D'JUAN GARFIELD "is restrained from committing any criminal act against [Melissa Garfield] including, but not limited to: acts of violence or Domestic Abuse, A.C.A. § 9-15-103(3); Harassment A.C.A. § 5-71-208; Harassing Communications A.C.A. § 5-71-209; Stalking A.C.A. § 5-71-229; or

---

[1] Johnson County, Arkansas Circuit Court case no. 36-DR-15-279."

Terroristic Threatening A.C.A. § 5-13-301." The Order specifically found that JASON D'JUAN GARFIELD "has been provided with proper notice and the opportunity to be heard," and "that [Melissa Garfield] is [] in immediate and present danger of domestic abuse." The Order states that it is effective until December 16, 2025.

  d. On March 12, 2020, the Federal Bureau of Investigation (FBI) and the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) executed a search warrant at JASON D'JUAN GARFIELD's residence located at 2310 County Road, Ozone, Arkansas, which is in the Western District of Arkansas, Fort Smith Division. During the search of that residence, FBI and ATF agents located the following in the possession of JASON D'JUAN GARFIELD: a Brownell Inc., model BRN-4, 5.56 caliber, M-16-type firearm, serial number 4-2057; an Anderson Manufacturing, model AM-15, M-16-type receiver, serial number 18140943; and a Flat Rock Arms, model FRA-15, 5.56 caliber, M-16-type receiver, serial number FRA-00053, all of which are machineguns as defined in 26 U.S.C. 5845(b).

  e. During the search of JASON D'JUAN GARFIELD's residence on March 12, 2020, FBI and ATF agents located a device for silencing, muffling, or diminishing the report of a portable firearm, that is a metal cylindrical device, black in color with no markings, in the possession of JASON D'JUAN GARFIELD, which was not registered to him in the National Firearms Registration and Transfer Record.

  f. During the search of JASON D'JUAN GARFIELD's residence on March 12, 2020, FBI and ATF agents located the following firearms that had been shipped or transported in interstate commerce in the possession of JASON D'JUAN GARFIELD: a Glock, model 17, 9mm caliber pistol, serial number BLUZ319; an Oviedo, model 1976, 7mm caliber rifle, serial number 1775; a FNH, model FNX-45, serial number FX3U026558; a Savage, model MS-AR 15,

.223 caliber rifle, serial number 03-003438; a Mauser, model Argentino 1891, 7.65 caliber rifle, serial number S9247; and a Colt, model Delta Elite, .45 caliber pistol, serial number DE01003E.

## ADVICE OF RIGHTS

4.  The Defendant hereby acknowledges that he has been advised of and fully understands the following constitutional and statutory rights:

    a.  to have an attorney and if the Defendant cannot afford an attorney, to have one provided to him and paid for at the United States' expense;
    b.  to persist in his plea of not guilty;
    c.  to have a speedy and public trial by jury;
    d.  to be presumed innocent until proven guilty beyond a reasonable doubt;
    e.  to confront and examine witnesses who testify against him;
    f.  to call witnesses on his behalf;
    g.  to choose to testify or not testify and that no one could force the Defendant to testify; and,
    h.  to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

5.  The Defendant hereby acknowledges that he understands with respect to each count to which he pleads guilty, he thereby WAIVES all of the rights listed as (b) through (h) of the above paragraph.

## WAIVER OF ACCESS TO RECORDS

6.  The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

7.  The Defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the

## MAXIMUM PENALTIES

10. The Defendant hereby acknowledges that he has been advised of the maximum penalties for each count to which he is pleading guilty. By entering a plea of guilty to Counts One and Three of the Information, the Defendant agrees that he faces:

   a. a maximum term of imprisonment for 10 years;
   b. a maximum fine of $250,000;
   c. both imprisonment and fine;
   d. a term of supervised release which begins after release from prison;
   e. a possibility of going back to prison if the Defendant violates the conditions of supervised release; and
   f. a special assessment of $100.00 for each count of conviction.

By entering a plea of guilty to Count Two of the Information, the Defendant agrees that he faces:

   a. a maximum term of imprisonment for 10 years;
   b. a maximum fine of $10,000;
   c. both imprisonment and fine;
   d. a term of supervised release which begins after release from prison;
   e. a possibility of going back to prison if the Defendant violates the conditions of supervised release; and
   f. a special assessment of $100.00.

## CONDITIONS OF SUPERVISED RELEASE

11. The Defendant acknowledges that if a term of supervised release is imposed as part of the sentence, the Defendant will be subject to the standard conditions of supervised release as recommended by the United States Sentencing Commission and may be subject to other special conditions of supervised release as determined by the Court. The standard conditions of supervised release are as follows:

   a. The Defendant shall report to the probation office in the federal judicial district where he is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the Defendant to report to a different probation office or within a different time frame.
   b. After initially reporting to the probation office, the Defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the Defendant shall report to the probation officer as instructed.

c. The Defendant shall not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or the probation officer.
d. The Defendant shall answer truthfully the questions asked by the probation officer.
e. The Defendant shall live at a place approved by the probation officer. If the Defendant plans to change where he lives or anything about his living arrangements (such as the people the Defendant lives with), the Defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
f. The Defendant shall allow the probation officer to visit the Defendant at any time at his home or elsewhere, and the Defendant shall permit the probation officer to take any items prohibited by the conditions of the Defendant's supervision that he observes in plain view.
g. The Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the Defendant does not have full-time employment he shall try to find full-time employment, unless the probation officer excuses the Defendant from doing so. If the Defendant plans to change where the Defendant works or anything about his work (such as the position or the job responsibilities), the Defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
h. The Defendant shall not communicate or interact with someone the Defendant knows is engaged in criminal activity. If the Defendant knows someone has been convicted of a felony, the Defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.
i. If the Defendant is arrested or questioned by a law enforcement officer, the Defendant shall notify the probation officer within 72 hours.
j. The Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or Tasers).
k. The Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
l. If the probation officer determines that the Defendant poses a risk to another person (including an organization), the probation officer may require the Defendant to notify the person about the risk and the Defendant shall comply with that instruction. The probation officer may contact the person and confirm that the Defendant has notified the person about the risk.
m. The Defendant shall follow the instructions of the probation officer related to the conditions of supervision.

## PAYMENT OF MONETARY PENALTIES

12. The Defendant agrees that monetary penalties to include special assessments, fine, and/or restitution imposed by the Court will be (i) subject to immediate enforcement as provided in 18 U.S.C. § 3613(c), and (ii), submitted to the Treasury Offset Program so that any federal payment such as an income tax refund or transfer of returned property the Defendant receives may be offset and applied to federal debt without affecting the periodic payment schedule ordered by the Court.

## NO OTHER CHARGES

13. The United States agrees that no other federal charges, which stem from the activities described in the Information, will be brought against the Defendant in the Western District of Arkansas.

## SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

14. The parties acknowledge that the Court shall consult and take into account the United States Sentencing Commission Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the Defendant to any sentence within the statutory range.

## AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

15. The Defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. The Defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the District Court. Further, the Defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater than the parties expected, the Defendant agrees that this does not give him the right to withdraw his plea of

guilty.

## RELEVANT CONDUCT CONSIDERED

16. At the sentencing hearing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the Defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of this Agreement, and/or which is the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

## PERJURY

17. In the event that it is determined that the Defendant has not been truthful with the Court as to any statements made while under oath, this Plea Agreement shall not be construed to protect the Defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE UNITED STATES

18. The United States agrees not to object to a recommendation by the Probation Office or a ruling of the Court which awards the Defendant an appropriate-level decrease in the base offense level for acceptance of responsibility. If the offense level in the Presentence Report is 16 or greater and the Court accepts a recommendation in the Presentence Report that the Defendant receive two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points. However, the United States will not be obligated to move for an additional one-point reduction or recommend any adjustment for acceptance of responsibility if the Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following a) falsely denies, or makes a statement materially inconsistent with, the factual basis set forth in this Agreement, b)

falsely denies additional relevant conduct in the offense, c) is untruthful with the United States, the Court or probation officer, or d) materially breaches this Plea Agreement in any way.

## UNITED STATES' RESERVATION OF RIGHTS

19. Although the United States agrees not to object to certain findings by the Probation Office or to rulings of the Court, it reserves the right to:

   a. make all facts known to the Probation Office and to the Court;
   b. call witnesses and introduce evidence in support of the Presentence Report;
   c. contest and appeal any finding of fact or application of the Sentencing Guidelines;
   d. contest and appeal any departure from the appropriate Guideline range; and,
   e. defend all rulings of the District Court on appeal including those rulings which may be contrary to recommendations made or positions taken by the United States in this Plea Agreement which are favorable to the Defendant.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

20. The United States' concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. As a result, if the Court should reject the Defendant's requests or recommendations for certain findings of fact or applications of the Guidelines, the Defendant acknowledges that there is no right to withdraw the guilty plea.

## AGREEMENT NOT BINDING ON THE COURT

21. The parties agree that nothing in this Agreement binds the District Court to:

   a. make any specific finding of fact;
   b. make any particular application of the Sentencing Guidelines;
   c. hand down any specific sentence;
   d. accept any stipulation of the parties as contained in this Plea Agreement; and,
   e. accept this Plea Agreement.

22. The United States and the Defendant acknowledge that the Court has an obligation to review the Presentence Report before it accepts or rejects this Plea Agreement.

## AGREEMENT DOES NOT BIND ANY OTHER ENTITY

23. The parties agree that this Plea Agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

## SPECIAL ASSESSMENT

24. The Defendant agrees to pay $300 as the special assessment in this case.

## REPRESENTATIONS BY DEFENDANT

25. By signing this Plea Agreement, the Defendant acknowledges that:

    a. The Defendant has read this Agreement (or has had this Agreement read to him) and has carefully reviewed every part of it with defense counsel.
    b. The Defendant fully understands this Plea Agreement and is not under the influence of anything that could impede the Defendant's ability to fully understand this Plea Agreement.
    c. No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this Plea Agreement.
    d. The Defendant is satisfied with the legal services provided by defense counsel in connection with this Plea Agreement and matters related to it.
    e. The Defendant has entered into this Plea Agreement freely, voluntarily, and without reservation and the Defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the Defendant or anyone connected with the Defendant.

## REPRESENTATIONS BY DEFENSE COUNSEL

26. By signing this Plea Agreement, counsel for the Defendant acknowledges that:

    a. Counsel has carefully reviewed every part of this Agreement with the Defendant and this Agreement accurately and completely sets forth the entire agreement between the United States and the Defendant.
    b. Counsel has explained the ramifications of the Plea Agreement to the Defendant, and believes that the Defendant understands this Plea Agreement, what rights are being lost by pleading guilty, and what the United States has agreed to do in exchange for the plea of guilty.
    c. Counsel believes that the Defendant's decision to enter into this Agreement is an informed and voluntary one.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

27. The Defendant and his attorney both acknowledge that this Plea Agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the Defendant to change his plea to guilty.

Dated this __24th__ day of July, 2020.

_____  
JASON D'JUAN GARFIELD  
Defendant

_____  
JAMES PIERCE  
Attorney for Defendant

DAVID CLAY FOWLKES  
ACTING UNITED STATES ATTORNEY

By:

_____  
AARON JENNEN  
Assistant U.S. Attorney